# IN THE COURT OF APPEALS OF IOWA

No. 17-1284
Filed October 11, 2017

IN THE INTEREST OF M.R. and Z.R.,
Minor Children,

H.D., Mother,
        Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.


        A mother appeals the termination of her parental rights to two children.
**AFFIRMED.**


        Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant mother.

        Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

        Timothy M. Baldwin of the Public Defender Office, Waterloo, guardian ad litem for minor children.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to two children, born in 2014 and 2015. She contends (1) the State failed to prove the grounds for termination cited by the juvenile court, (2) permanency should have been deferred for six months, and (3) the closeness of the parent-child bond militated against termination.

## I.    Grounds for Termination

The juvenile court terminated the mother's parental rights pursuant to several Iowa Code provisions. We may affirm the termination decision if we find clear and convincing evidence to support termination under any of the cited grounds. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

The mother has a history of methamphetamine abuse. The children were removed from her care following three incidents of neglect. In the most recent, the two-year-old and one-year-old toddlers were found wandering in the traveled part of a parking lot outside their apartment building. The door to their apartment was ajar, and the mother was apparently asleep in a back bedroom.

The mother was arrested and charged with child endangerment. The department of human services applied to have the children temporarily removed from her care. The juvenile court granted the application. The children were placed in foster care and were subsequently adjudicated in need of assistance, with the mother stipulating to the adjudication.

The mother was placed on pretrial release shortly after her arrest. The department offered her two three-hour supervised visits with the children per week. In the ensuing two months, she participated in a total of four visits. In late

October 2016, she discontinued contact with the department and her children. A warrant was issued for her arrest.

The mother was arrested and jailed in late January 2017, and approximately three weeks later, she was placed in a women's correctional facility. On her release, she missed two scheduled sessions with a service provider and did not reengage with the children until late March 2017. The termination hearing took place six weeks later.

At the hearing, the department case manager testified to "[s]ubstance abuse concerns, supervision concerns, housing concerns, [and] mental health concerns." The mother did not undergo a substance abuse evaluation or participate in random drug testing until two months before the termination hearing. She also did not attend recommended group therapy sessions and was inconsistent in participating in individual mental health counseling. Although the caseworker testified the mother was expected to be discharged from the correctional facility within seven weeks of the termination hearing,[1] she would be required to engage in "day reporting" and only then proceed to regular probation. The mother essentially conceded she would be unable to care for the children care without additional services. We conclude the department proved the children could not be returned to her custody, as set forth in Iowa Code section 232.116(1)(h) (2016).

---

[1] The mother testified she would be leaving the facility in three weeks. Even if this was the timeframe, she conceded her contact with the Department of Corrections would not end with her release from the facility.

## II.    Six-Month Deferral

The mother sought a "deferral" of permanency for six months.  *See* Iowa Code § 232.104(2)(b).  Although her compliance only began a month-and-a-half before the termination hearing and only involved "[s]ome of" the services available to her, she testified she was now "doing what [she was] supposed to do."

The caseworker addressed the deferral issue by pointing to the mother's extended non-participation in reunification services and, more recently, her failure to "fully take[] advantage of all the services . . . offered to her."  She continued, "My concern is that [the mother] has not invested herself in services and that's why I am not in support of a deferral at this point."

While we commend the mother on her three months of sobriety, her failure to begin treatment as recommended and her failure to consistently participate in other services lead us to agree with the juvenile court that a six-month deferral of termination was not warranted.

## III.    Best Interests

The mother contends termination was not in the children's best interests given the bond they shared with her.  *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).  The record indicates the older child was mistrustful of his mother and took some time to warm up to her.  But assuming both children remained bonded to her, the mother's methamphetamine use placed the toddlers at risk of serious harm.  At the time of the termination hearing, the mother had yet to seriously

address this addiction.  We agree with the juvenile court that termination of her parental rights was in the children's best interests.

**AFFIRMED.**